## HERNANDEZ vs. GARETAGE.

APPEAL from the court of the third district.

MATHEWS, J., delivered the opinion of the court. In this suit the plaintiff claims certain property, as described in his petition, consisting of real estate and a slave; alleging himself to be sole and forced heir of his mother, Andrea Hernandez, lately deceased; and that said property rightfully belongs to her succession, and is withheld from him by the defendant, who has it in possession without title. The answer contains a general denial, and alleges title in the defendant. The cause was tried by a jury in the court below, who upon the evidence adduced, and permitted to be received by them, returned a verdict by

New trial will not be granted for the discovery of evidence, which by due diligence might have been had before.

The validity of a donation made in the state of Mississippi will be tested by our laws, if those of that state are not proven.

East'n. District.
*April,* 1826.

HERNANDEZ
*vs.*
GARETAGE.

which they declared the acts or deeds under which the defendant claims title to be fraudulent. In conformity with this verdict and the evidence of the case, judgment was rendered, pronouncing said deeds to be null and void, and decreeing the property to be that of the plaintiff, &c.

From this judgment the defendant appealed.

We find on the record, a motion for a new trial, in the court below, grounded principally on an affidavit of the appellant, wherein she swears to the discovery of new evidence. Oaths of this kind are always made under such a strong bias of interest on the part of the applicant, as to create just suspicion of their truth ; and ought in courts of justice, to have effect only, when made in strict pursuance of law. To make an affidavit of the discovery of additional evidence, properly a basis for a new trial, the facts expected to be proven, should be fully disclosed, and ought to appear to be such, as might be conclusive on the matters at issue between the parties to the suit. According to our practice, as prescribed by both the former laws and the new Code of Procedure, a party who solicits a new

East'n. District.
*April,* 1826.

HERNANDEZ
*vs.*
GARETAGE.

trial, on account of the discovery of evidence, since judgment in a cause, must swear that he could not have discovered it before trial by due diligence. The affidavit in the present case, contains no assertion of this nature; neither would the facts, expected to be proven, be conclusive on the issue; for it would not only be necessary to prove that the pretended purchaser from the plaintiff's mother was able to pay for the property, but also, that he had actually paid. On this ground, the judge *a quo* was correct in refusing the new trial. As to the much used, and perhaps it might be said, much abused allegation, of the verdict being contrary to law and evidence, we believe it to be unfounded in truth, considering the cause as it appears under all the evidence which was permitted by the district judge to be received by the jury. But the record contains a bill of exceptions, to the introduction of a deed of gift said to have been executed by the plaintiff's mother in the state of Mississippi, by which she gave to him, the slave now claimed: the donation was to take effect after her death. We have no proof of the provisions of the laws of that state in relation to donations; the case must therefore be

HERNANDEZ
*vs.*
GARETAGE.

examined in reference to our own law on this subject : and according to it, the act of donation offered by the appellee is evidently null and void, as not being cloathed with the requisite formalities, and ought not to have been admitted in evidence. If the special allegation of title under this instrument, has the effect of destroying this general claim of the plaintiff as sole heir to his mother, the cause ought to be sent back for trial *de novo*, with instructions not to admit said deed in evidence, unless it should be shown that it is valid according to the laws of the place where it was made by proof of those laws. We are, however, of opinion, that such is not the effect of that allegation, and that the admission of the evidence ought not, nor could not have influenced the jury in rendering their verdict, which relates solely to the issue of fraud, *vel non*.

The proof of title in the mother during her life time, which is found in the record, is sufficient to authorise a judgment in favor of her son, who is shown to be her only legal and forced heir. As to any rights which the children of the defendant may have to the property in dispute, it cannot be affected by a

decision in this case, which as to them will be *res inter alios acta*, and they may pursue the plaintiff at any time hereafter.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Christy* for the plaintiff, *Watts & Lobdell* for the defendant.